UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES,

v.  DECISION AND ORDER
    11-CR–211

MARCHELLO M. GILDERSLEEVE,

                Defendant.

## Introduction

Before the Court is defendant Marchello Gildersleeve's motion to suppress evidence obtained from a search warrant executed at 527 24th Street Niagara Falls, New York on April 29, 2011. (Dkt. No. 50) Also pending is the Government's request that the Court reconsider its prior Decision and Order adopting Magistrate Judge Hugh B. Scott's recommendation to suppress defendant's statements at the time of the search. (Dkt. No. 53)

For the reasons that follow, both the defendant's motion to suppress evidence and the Government's request for reconsideration are denied.

## Relevant Facts and Prior Proceedings

On April 21, 2011, Detective John Galie of the Niagara Falls Police Department submitted an application for a search warrant to Niagara Falls City

Court Judge Diane Vitello.[1]  The application sought to search defendant's person and his residence at 527 24th Street, Apt. 1, Niagara Falls, New York.  The application contained the following information: (1) Detective Galie was investigating defendant's "illegal use, possession and sale of marijuana"; (2) a confidential informant advised Galie that defendant was selling drugs at the residence; (3) the confidential informant personally observed defendant with weapons; (4) there was a controlled buy in March of 2011 where the confidential informant purchased marijuana from defendant at 527 24th Street; (5) in April 2011 the confidential informant advised Galie that he personally observed a large quantity of marijuana and MDMA at 527 24th Street; (6) Galie conducted surveillance at 527 24th Street and observed defendant there during all hours of the day and night; and (7) Galie checked Department of Motor Vehicles, United States Drug Enforcement Agency and Niagara Falls Police Department records to confirm that defendant lived at 527 24th Street.

While the confidential informant was not personally brought before Judge Vitello, the search warrant application stated the following:

> [The informant] is of known reliability and gave sworn testimony in Niagara Falls City Court and also in Buffalo Federal Court, this testimony resulted in different suspects being convicted of numerous crimes. [The informant's] information has resulted in narcotics and money seizures starting in 2009 and this has continued until the

---

[1] For a complete discussion of the operative facts in this case, as well as the testimony presented during the suppression hearing, *see* Magistrate Judge Scott's Report and Recommendation dated April 19, 2013.  (Dkt. No. 47)

2

> present. The information in City Court...resulted in ...warrants being issued for suspects with felony charges in the Niagara County District Attorney's Office.

(Dkt. No. 47, p. 2) [2] Judge Vitello signed the warrant, which authorized the "immediate search" of defendant's person as well as a search of 527 24th Street.

On April 29, 2011, a "warrant check" was "called out" on defendant. Defendant was found at the corner of 24th Street and Ferry Street in Niagara Falls, walking away from 527 24th Street. He was taken into custody by two officers and handcuffed. Detective Galie arrived and he and the other officers took the defendant to 527 24th Street, which was about 100 to 200 feet from where the defendant was initially found. Defendant was read his *Miranda* rights and told that the officers had a warrant to search the residence. The officers then asked defendant if there was anything inside that could get him in trouble and defendant responded, "I have a rifle in the closet." A search revealed a .22 caliber pistol gripe rifle in defendant's closet. When the officers found the rifle, defendant stated "that's mine, that's all I got." [3] Importantly, defendant's person was not searched when he was found on the corner of 24th Street and Ferry Street or when he was taken back to the residence.

Defendant was indicted on June 23, 2011 with being a felon in possession

---

[2] At the suppression hearing, Detective Galie testified that he has worked with this confidential informant for the past four years. (Dkt. No. 47, p. 2)

[3] A subsequent search revealed five .22 caliber rounds of ammunition next to the rife and other ammunition in a box in the attic.

of a firearm and ammunition in violation of 18 U.S.C. §§922(g) and 924(a)(2). (Dkt. No. 1) The matter was referred to Magistrate Judge Hugh B. Scott, pursuant to 28 U.S.C. §636(b)(1), for supervision of all pretrial proceedings. Defendant then moved to suppress the evidence recovered and statements obtained pursuant to the search of his residence. (Dkt. No. 26) A suppression hearing was held, before the Magistrate Judge, on October 10, 2012 and January 16, 2013.

In a Report and Recommendation dated April 19, 2013, Magistrate Judge Scott recommended granting in part and denying in part defendant's motion to suppress. (Dkt. No. 47) Specifically, the Magistrate recommended denying defendant's motion to suppress the evidence recovered at 527 24th Street. He noted that the warrant application contained detailed information indicating a fair probability that contraband would be found at defendant's residence, and that the Government was not required to bring the confidential informant before the issuing judge to establish probable cause. However, Magistrate Judge Scott recommended granting defendant's motion to suppress his statements, since the statements were made as a direct result of defendant's illegal detention. The Magistrate Judge reasoned that the Government failed to show that defendant posed an actual threat to the safe and efficient execution of the search warrant, and therefore the police improperly detained defendant when they seized him on the street corner and brought him to the residence where the search was being

4

conducted.[4]

Neither the Government nor defendant filed objections to the April 19, 2013 Report and Recommendation. On May 7, 2013, this Court issued a Decision and Order adopting Magistrate Judge Scott's findings in their entirety. (Dkt. No. 49)

## Present Motion

Following the Decision and Order granting in part and denying in part the suppression motion, the parties appeared before this Court on May 30, 2013 to set a date for trial or plea. At that time, defense counsel reported that defendant requested that counsel file an additional pre-trial motion. The Court granted defendant permission to do so, and set a briefing schedule.

On June 6, 2013, defendant filed the instant motion, again moving for the suppression of evidence found as a result of the April 29, 2011 search. (Dkt. No. 50) Defendant asks that the Court re-examine whether the search warrant was supported by probable cause. Specifically, defendant argues that he was never charged with the sale of marijuana in connection with the controlled buy and "there is no record of it taking place." He also argues that the search warrant is invalid because "the warrant is initialed on the signature line, but does not specify

---

[4] Despite the fact that the search warrant allowed for a search of defendant's person, the Government never argued that defendant was detained for purposes of effectuating a search of his person. In fact, none of the officers testified, during the suppression hearing, that defendant was searched when he was stopped and brought back to 527 24th Street. (Dkt. No. 47, p. 14)

5

the Judge's name." Finally, defendant requests that the Court direct the Government to produce any *in camera* notes or recordings which were prepared in connection with the search warrant application and which may include information not contained in the supporting affidavit.

The Government filed a response opposing defendant's motion to suppress and requesting that this Court reconsider or "clarify" its prior Decision and Order suppressing statements made by defendant at the time of the search. (Dkt. No. 53) The defendant filed a reply. (Dkt. Nos. 55 and 56) Oral argument was held on July 10, 2013, and the Court deemed the matter submitted.

## Discussion

### *Defendant's Motion to Suppress*

Probable cause is established when the totality of the circumstances indicates "a fair probability that contraband or evidence of a crime will be found in a particular place." *Walczyk v. Rio*, 496 F.3d 139, 156 (2d. Cir. 2007). Despite defendant's claim that he was not charged with the sale of marijuana in conjunction with the controlled buy, the search warrant issued here was supported by ample probable cause. The confidential informant, who had a four-year history of reliability, provided credible information that defendant sold drugs from his residence at 527 24th Street. Detective Galie averred that: (1) the CI personally observed defendant with "a black handgun" on "numerous occasions";

6

(2) the CI personally observed "a large quantity of marijuana and MDMA in the residence"; and (3) that a controlled buy was conducted, at the residence, during which the CI purchased marijuana from defendant. In addition, Detective Galie conducted independent surveillance of defendant and checked with various agencies to confirm that defendant resided at 527 24th Street. The fact that defendant was never actually charged with the sale of marijuana does not change the sufficiency of the information set forth in the search warrant application nor does it affect the reliability or credibility of the confidential informant.

Furthermore, even if the search warrant for the premises was not supported by probable cause, which it clearly was, the exclusionary rule does not apply to evidence obtained by an officer whose reliance on a search warrant by a neutral magistrate was objectively reasonable. *United States v. Hartery*, 169 Fed. Appx. 604 (2d. Cir. 2006). Here, it cannot be said that the officers reliance on the warrant signed by Judge Vitello was not "objectively reasonable" given the circumstances.

Equally unavailing is defendant's claim that the search warrant is invalid because it contained Judge Vitello's initials on the signature line, but does not specify the Judge's name. Defendant does not appear to be arguing that Judge Vitello did not intend to authorize the warrant, only that the warrant contained her initials and did not specify her name. New York Criminal Procedure Law enumerates the form and content requirements for a search warrant. Those

7

requirements include: "the name of the issuing court and, except where the search warrant has been obtained on an oral application, the subscription of an issuing judge."  NY CPL §690.45.  Substantial compliance with this procedural requirement is sufficient, and a search warrant will not be deemed invalid if it contains information from which an issuing court can be discerned.  *People v. Gavazzi*, 20 N.Y.3d 907 (2012); *People v. Smythe*, 172 A.D.2d 1028 (upholding a search warrant that stated venue as Erie County and designated signature of issuing County Court Judge as "JCC")

The search warrant at issue here contains the name of the issuing court as required by Section 690.45.  The signature line is labeled "City Court Judge" and has been initialed by Judge Vitello.  This constitutes substantial compliance with New York Criminal Procedure Law.   Moreover, even if a signature, as opposed to initials, was required, the Second Circuit has held that minor technical errors do not invalidate otherwise proper search warrants. *United States v. Walker*, 534 F.3d 168, 171 129 (2d Cir. 2008) (minor clerical errors are generally not fatal to a search warrant when the possibility of actual error is eliminated by other information).  Thus, contrary to defendant's submissions, the search warrant was both supported by probable cause and validly executed.

This Court also rejects defendant's argument that he is entitled to any *in camera* notes or recordings prepared in connection with the search warrant application.  Pursuant to a Court Order, these notes were reviewed by Magistrate

8

Judge Scott, *in camera,* in order to make a finding of probable cause with respect to the search warrant application. The notes contain identifying information regarding the confidential informant and were properly kept confidential for purposes of protecting that individual's identity. *See United States v. Barone*, 787 F.2d 811 (2d. Cir. 1986) ("an in camera inquiry is a proper and sensible solution in cases where, after a substantial preliminary showing and an adversarial hearing limited by the need to avoid disclosure of the identity of an informant, a district judge believes he will be aided by a further inquiry in which the limitation will not be necessary")

A defendant who seeks the names or statements of confidential informants must show that the disclosure is "relevant and helpful to the defense of the accused, or is essential to the fair determination of a case." *Roviaro v. United States*, 353 U.S. 53 (1959). Here, defendant has failed to make any showing whatsoever that, at this stage of the case, disclosure of information about the confidential informant would be essential to a fair determination of this motion, or relevant to his defense in general. Defendant's request for disclosure of any notes or recordings prepared in connection with the search warrant application is denied.

## *Government's Request for Reconsideration*

The Government requests that this Court reconsider or "clarify" its prior Decision and Order suppressing statements made by defendant at the time of the

9

search. According to facts ascertained at the suppression hearing, defendant was detained 100 to 200 feet outside of his home, placed in handcuffs, brought back to the residence, read his *Miranda* rights, and was not free to leave. Despite having a search warrant for defendant's person, the officers never searched him.

In *Michigan v. Summers*, the Supreme Court held that detention incident to the execution of a search warrant is permissible based upon three law enforcement interests: (1) minimizing the risk of harm to officers; (2) facilitating the orderly completion of a search; and (3) preventing flight in the event that incriminating evidence is found. 452 U.S. 692 (1981). Recently, the Supreme Court held that the *Summers* rule, which allows officers executing a search warrant to detain the occupants of the premises while a proper search is conducted, is limited to the immediate vicinity of the premises to be searched and does not apply when a recent occupant of the premises is detained at a point beyond any reasonable understanding of the immediate vicinity of the premises in question. *Bailey v. United States*, 133 S. Ct. 1031; 568 U.S. __ (2013). The Supreme Court reasoned that detaining an individual outside of the immediate vicinity of the place to be searched does not serve any of the law enforcement interests enumerated in *Summers*. *Id*.

As the Magistrate Judge correctly noted in his Report and Recommendation, the officer who stopped defendant was instructed to detain him

without reference to his geographical location, and defendant was ultimately stopped while walking *away from* the residence to be searched. There was no testimony or evidence offered during the suppression hearing which would indicate that the officers stopped defendant in order to search him, or that they actually conducted a search of his person after seizing him. Thus, the search warrant for his person cannot be used to justify his detention. Instead, it appears that officers picked up defendant when he was walking away from the residence, and returned with him to the residence in handcuffs in order to witness their search of the premises. It was at that time that defendant made statements regarding the gun.

This Court concludes that the Magistrate Judge correctly found, under the principles set forth in *Bailey*, that defendant was unlawfully detained outside the immediate vicinity of the place to be searched and that his detention was not necessary for a safe and efficient search of 527 24th Street. Furthermore, the Magistrate properly noted that the Government did not demonstrate, through circumstantial evidence or otherwise, that defendant's statements were an act of free will sufficient to purge the primary taint of unlawful detention. *Kaupp v. Texas*, 538 U.S. 626 (2003) (*Miranda* warnings "alone and per se" cannot always ... "break, for Fourth Amendment purposes, the causal connection between the illegality and the confession.") Thus, the statements were properly suppressed.

Finally, the Government asks that in the event the Court does not

reconsider its decision to suppress the statements, that it "clarify" its prior ruling. Defendant made two statements at the residence. In response to a question by the officers, defendant stated that there was a rifle in his closet. When the officers found the rifle, defendant stated "that's mine, that's all I've got." The Government contends that the second statement should not be suppressed because it was spontaneous, and that this is not made clear in the Court's prior decision.

The Report and Recommendation, which was adopted by this Court, clearly referenced both statements and found that the Government had not met its burden of showing that they were voluntary in light of the unlawful detention. Indeed, both statements made by defendant occurred immediately after he was unlawfully detained, and the Government put forth no independent evidence that either statement was voluntary. Thus, both statements made by defendant at the time of his illegal detention are to be suppressed.

## Conclusion

For the foregoing reasons, defendant's motion to suppress evidence obtained at the time of the search as well as his request for disclosure of the notes or recordings prepared in connection with the search warrant application are denied. The Government's request that this Court reconsider its prior Decision and Order suppressing defendant's statements is also denied. All

12

statements made by defendant at the time of the search are to be suppressed.

The parties are instructed to appear before the Court on August 9, 2013 at 1:00 p.m. for a status conference or meeting to set a trial date.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: August 8, 2013